**ASBESTOS WORKERS LOCAL NO. 42 WELFARE FUND c/o Carday Associates, Inc. 4600 Powder Mill Road Beltsville, MD 20705–2675 Plaintiff,**

v.

**Thomas L. BREWSTER, Sr. and Candace L. Brewster, his wife, Defendants.**

**No. CIV.A.01–181–JJF.**

United States District Court, D. Delaware.

Oct. 22, 2002.

Francis J. Trzuskowski and William L. Doerler, Esquires of Trzuskowski, Kipp & Kelleher, P.A., Wilmington, DE, for Plaintiff.

Charles Snyderman, Esquire of Charles Snyderman, P.A., Wilmington, DE, for Defendants.

## MEMORANDUM OPINION

FARNAN, District Judge.

Pending before the Court is the Defendants' Motion to Dismiss (D.I. 27). For the reasons discussed below, the Defendants' Motion (D.I. 27) will be granted.

## BACKGROUND

This is an Employee Retirement Income Security Act ("ERISA") case in which the Plaintiff, an ERISA plan (the "Plan"), seeks a declaratory judgment concerning its subrogation rights against the Defendants Thomas L. Brewster, Sr., a Plan participant, and Candace L. Brewster, a Plan beneficiary. (D.I. 20, ¶ 1 & 10).

In 1996, Mrs. Brewster was injured in an automobile accident, and, to date, the Plan has paid $42,852.44 in medical benefits on behalf of Mrs. Brewster. (D.I. 20, ¶ 13 & 15). In 1997, Mr. Brewster signed a subrogation agreement with the Plan. (D.I. 20, ¶ 14). Mr. and Mrs. Brewster, with the assistance of their attorney, Charles Snyderman, Esquire, settled insurance claims arising out of the accident for a total of $115,000. (D.I. 20, ¶ 16–17). Mr. Snyderman, with knowledge of the 1997 subrogation agreement (D.I. 20, ¶ 25), placed the settlement funds in an escrow account and subsequently "paid out the full amount of money held in escrow, less Mr. Snyderman's fees and costs, to the Brewsters." (D.I. 20, ¶ 30). The Plan filed suit under Section 502(a)(3) of ERISA seeking, *inter alia,* a declaration of its subrogation rights and a constructive trust over the settlement proceeds received by the Brewsters. (D.I. 20).

## DISCUSSION

■ By their Motion, Defendants contend that the Court lacks subject matter jurisdiction over the issues presented in this lawsuit based on the recent decision of the United States Supreme Court in

*Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002). In *Knudson,* the Supreme Court held that Section 502(a)(3) of ERISA does not provide federal jurisdiction over lawsuits brought to obtain a legal remedy, such as where a plaintiff seeks to impose personal liability on a defendant based on a contractual obligation to pay money. The Defendants contend that the Plan's attempt to enforce the subrogation agreement entered into by the Plaintiff and Defendants is outside the Court's jurisdiction as set by the *Knudson* decision. Additionally, the Defendants argue that in *Knudson* the Supreme Court specifically rejected the insurer's attempt to recharacterize its remedy as an equitable lien or constructive trust, which is what the Plan attempts to do in this litigation.

In response to the Defendant's Motion, the Plan attempts to distinguish this case from *Knudson* on the basis that the funds at issue in *Knudson* were in trust and not under the control of the plan participant, as is the case here where the funds have been dispersed to the Defendants. The Plan contends that a constructive trust is an appropriate equitable remedy in this case, and consequently, the Court has jurisdiction under Section 502(a)(3) of ERISA. Alternatively, the Plan argues that the Court has jurisdiction pursuant to Section 502(a)(2) of ERISA, which provides that a plan may bring a civil action under 29 U.S.C. § 1109. Section 1109 imposes personal liability for any breaches of fiduciary duty by plan fiduciaries. Here, the Plan alleges that the Brewsters and Mr. Snyderman are plan fiduciaries under ERISA and that they violated their fiduciary duties by not reimbursing the Plan.

■ The Court is unpersuaded by the Plan's attempt to distinguish this case from *Knudson.* In *Knudson,* the Supreme Court held that Section 502(a)(3) of ERISA did not authorize an employee benefit plan to bring an action for specific performance of the reimbursement portion of the plan or to compel a plan beneficiary who had recovered from a third-party tortfeasor to make restitution to the plan for benefits it had paid. 122 S.Ct. at 712–13. In short, the Court held such relief was legal and not equitable. *Id.* Here, the Plan is unsuccessfully trying to recharacterize its effort to obtain a money judgment against the Defendants as an equitable remedy, when, according to *Knudson,* it is undeniably a legal remedy. Because Section 502(a)(3) of ERISA only provides jurisdiction for suits in equity, the Court concludes that Section 502(a)(3) of ERISA does not give the Court subject matter jurisdiction over this case.

■ The Court also concludes that it does not have subject matter jurisdiction under Section 502(a)(2) of ERISA. The Plan's argument that the Brewsters and Mr. Snyderman are fiduciaries within the meaning of 29 U.S.C. § 1109 fails because it is contrary to established case law. *See, e.g., Chapman v. Klemick,* 3 F.3d 1508, 1509 (11th Cir.1993)(holding that a plan beneficiary's lawyer does not become a fiduciary to the plan by representing a beneficiary and dispersing that beneficiary's proceeds); *Greenwood Mills, Inc. v. Burris,* 130 F.Supp.2d 949, 957–58 (M.D.Tenn.2001)(concluding that settlement proceeds do not become plan assets when released by a third-party tortfeasor by operation of a plan's subrogation provision and thus that the beneficiary's attorney was not a fiduciary to the plan).

## CONCLUSION

An appropriate Order will be entered.

## *ORDER*

At Wilmington this 22nd day of October 2002, for the reasons set forth in the Memorandum Opinion issued this date;

IT IS HEREBY ORDERED that:

(1) The Defendants' Motion to Dismiss (D.I. 27) is *GRANTED*.

(2) The Defendants' Motion for a Preliminary Injunction (D.I. 27) is *DENIED* as moot.